IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL CASTELLANOS,

    Petitioner,                      No. CIV S-00-0360 DFL JFM P

    vs.

SUZAN L. HUBBARD, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

/

    Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges on several grounds his 1996 conviction on charges of being an ex-felon in possession of a weapon and the sentence of twenty-five years to life imprison imposed thereon under California's three strikes law.

FACTS[1]

> On September 29, 1994, after an arrest on a bench warrant, the arresting officers discovered that the [petitioner] had a loaded .38 caliber pistol tucked in his waistband.
>
> At the first trial, the court granted a prosecution motion in limine precluding any reference to the case being a three strikes

---

[1] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Castellanos, No. C024901, appended as Exhibit C to Respondent's Answer, filed August 3, 2000.

1

case, or referring to the underlying felony conviction as a strike, "or anything like that." The court explicitly cautioned the [petitioner] to make no such reference in front of the jury.

During the closing argument, the prosecutor argued that the jury should accept the arresting officer's testimony concerning discovery of the gun because he would have no motive to plant it on a person already being arrested on outstanding warrants. The following ensued:

> [Petitioner]: This is fucking bullshit because you know I'm going to prison for life and that's why. Three strikes and is all.
>
> The Court: [Petitioner], quiet.
>
> [Petitioner]: This is bullshit, man.
>
> The Court: One second, we'll –
>
> [Petitioner]: They got everything to win.
>
> The Court: Please remove the [petitioner] from the courtroom at this time.

After the [petitioner] was removed, the trial court questioned the jurors to ascertain whether his outburst was likely to have impaired their impartiality. Thereafter, the prosecutor requested a mistrial because of misgivings concerning two of the juror's responses. The trial court opined that the responses of one of the jurors created some serious doubt and concluded that this was prejudicial. It inquired whether the parties were willing to agree to replace the more questionable juror. Neither side agreed to this proposal. The court declared a mistrial.

(Ex. C to Respondent's Answer, filed August 3, 2000, <u>People v. Castellanos</u>, slip op. at 2-3.)

ANALYSIS

I. <u>General Standards</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

/////

>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state-court decision is contrary to clearly established precedent "if the state court applies a rule that contradicts the governing law set forth" by the United States Supreme Court or if it applies the correct rule to a case involving facts "materially indistinguishable" from those in a controlling case but arrives at a different result.. Williams v. Taylor, 120 S.Ct. 1495, 1519-20 (2000). A decision is "based on an unreasonable determination of the facts" if "a state court identifies the correct governing legal principle from [Supreme Court] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 1523. The latter test is an objective one. Id. at 1521.

II. Petitioner's Claims

A. Use of the Same Prior as a Strike Under the Three Strikes Law and as an Element of the Substantive Crime of Ex-Felon in Possession of a Firearm

Petitioner's first claim for relief is that it was improper for one felony conviction to be used against him both as an element of the substantive offense of being an ex-felon in possession of a weapon and as a strike for purposes of the three strikes law. This claim is based solely on state law. (See Memorandum of Points and Authorities in Support of Habeas Corpus Petition, filed February 22, 2000, at 9-15.)

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts, see Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), and is unavailable for alleged errors in the interpretation or application of state law, see Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Petitioner's first claim for relief is not cognizable in this federal habeas corpus proceeding and should therefore be denied.

/////

B. <u>Ineffective Assistance of Counsel</u>

Petitioner's second claim for relief is that he received constitutionally ineffective assistance of counsel when his attorney failed to raise a double jeopardy defense based on the declaration of a mistrial at petitioner's first trial. The state court of appeal rejected this claim on the grounds that where, as here, the declaration of mistrial was prompted by concern about the impact of petitioner's outburst on one juror, the trial judge's determination that a mistrial was warranted was entitled to deference and that the trial judge had appropriately exercised his discretion to declare the mistrial. Accordingly, the court of appeal concluded that "retrial after the grant of mistrial at the first trial in [petitioner's] case did not offend the no double jeopardy precept [and] [a] fortiori, the [petitioner] was not deprived of the effective assistance of counsel in failing to tender this unmeritorious defense." (<u>People v. Castellano</u>, slip op. at 5.)

In order to prevail on his claim of ineffective assistance of counsel, petitioner must show two things, an unreasonable error and prejudice flowing from that error. First petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. <u>Strickland v. Washington</u>, 466 U.S. 688 (1984). The court must determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. <u>Id.</u> at 690. "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." <u>United States v. Ferreira-Alameda</u>, 815 F.2d 1251 (9th Cir. 1986).

Second, petitioner must prove prejudice. <u>Strickland</u> at 693. To demonstrate prejudice, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." <u>Id.</u> The focus of the prejudice analysis is on "whether counsel's deficient performance renders the
/////

result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

In order to establish prejudice, petitioner must establish that there is a reasonable probability that the double jeopardy defense would have succeeded had it been raised on retrial. When a defendant objects to a mistrial, retrial is barred by the Double Jeopardy Clause unless there was "manifest necessity" to declare a mistrial in the first proceeding. See United States v. Shaw, 829 F.2d 714, 719 (9th Cir.1987) (citing Arizona v. Washington, 434 U.S. 497, 505 (1978)). The degree of deference accorded to a district court's determination of manifest necessity varies with the circumstances of the case See Shaw, 829 F.2d at 719. Where, as in petitioner's case, the declaration of mistrial was prompted by misconduct by the defendant, "the evenhanded administration of justice requires that [a reviewing court] accord the highest degree of respect to the trial judge's evaluation of the likelihood that the impartiality of one or more jurors may have been affected by the improper" conduct. Arizona v. Washington, 434 U.S. 497, 511 (1978)).

The state court of appeal relied on the principles from Arizona v. Washington set forth in the preceding paragraph in making its determination that a double jeopardy defense would not have been meritorious and, therefore, that counsel was not ineffective in failing to raise the defense. (See People v. Castellano, slip op. at 4-5.) The state court's denial of petitioner's ineffective assistance of counsel claim was consistent with clearly established principles of federal law as announced by the United States Supreme Court. Petitioner's second claim for relief should be denied.

C. Cruel and Unusual Punishment Under the Eighth Amendment

Petitioner's third claim for relief is styled "habeas corpus should be granted to determine whether intercase proportionality review is a viable analytical tool for analyzing claims of cruel and unusual punishment under the federal constitution." Petitioner contends that his three strikes sentence is cruel and unusual punishment because two of the strikes were for

5

convictions suffered when he was nineteen years old and the offense for which he was convicted and which was the third strike was not a violent felony.[2]

The state court of appeal rejected petitioner's cruel and unusual punishment claim on two grounds. Principally, the court held that the trial court had not abused its discretion under state law in declining to dismiss one of the prior felony convictions and that since there had been no abuse of discretion the sentence was not cruel or unusual. (People v. Castellanos, slip op. at 6-8.) In a footnote, the court gave the following additional reason for rejecting petitioner's Eighth Amendment claim:

> As to the facial claim of cruel and unusual punishment, it is untenable. The United States Supreme Court addressed the constitutionality of a Texas recidivist statute requiring life imprisonment upon a conviction of a third felony in Rummel v. Estelle (1980) 445 U.S. 263, 284-285 [63 L.Ed.2d 382, 397-398]. Over the course of nine years Rummel had been convicted of fraudulent use of a credit card to obtain $80 worth of goods or services, passing a forged check in the amount of $28.36 and obtaining $120.75 by false pretenses. [Id. at pp. 265-266 [63 L.Ed.2d at pp. 385-386.] In response to Rummel's argument life imprisonment was "grossly disproportionate" to the three felonies committed, the court concluded the mandatory life sentence did not constitute cruel and unusual punishment under the Eighth and Fourteenth Amendments. (Id. at p. 285 [63 L.Ed.2d at pp. 397-398.] This case of recidivism after serious felony convictions and a present offense concerning possession of a deadly firearm, with at least an implicit danger of deadly violence, is within the boundary established in Rummel.

(People v. Castellanos, slip op. at 6 n.1.)

In Lockyer v. Andrade, 538 U.S. 63 (2003), the United States Supreme Court made clear that, in the context of an Eighth Amendment challenge to a prison sentence, the "only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." Andrade, 538 U.S. at 73 (citing

---

[2] Petitioner also suffered a juvenile conviction for burglary in 1986, but it does not appear that conviction was one of the strikes for sentencing purposes.

Harmelin v. Michigan, 501 U.S. 957, 1001 (1991); Solem v. Helm, 463 U.S. 277, 290 (1983); and Rummel v. Estelle, 445 U.S. 263, 272 (1980)). The Andrade Court concluded that two consecutive 25-years-to- life sentences with the possibility of parole, imposed under California's three-strikes law following two petty theft convictions with priors, did not amount to cruel and unusual punishment. Id. at 77; see also Ewing v. California, 538 U.S. 11 (2003) (holding that a sentence of 25 years to life imposed for felony grand theft under California's three-strikes law did not violate the Eighth Amendment). "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Rummel, 445 U.S. at 272.

In Ramirez v. Castro, 365 F.3d 755 (9th Cir. 2004), the United States Court of Appeals for the Ninth Circuit held, post-Andrade, that a three strike sentence of twenty-five years to life in prison for a third shoplifting offense, a "wobbler" under state law[3], constituted cruel and unusual punishment. In Rios v. Garcia, 390 F.3d 1082 (9th Cir. 2004), the court of appeals distinguished Ramirez, finding that the petitioner in Rios had a "lengthy criminal history," had "been incarcerated several times," and because the strikes used to enhance the petitioner's sentence had "involved the threat of violence." Id. at 1086.

Petitioner's three strike sentence was predicated on the 1996 conviction for being an ex-felon in possession of a weapons and two 1989 prior felony convictions, one for shooting at an inhabited dwelling in violation of California Penal Code § 246[4] and one for willful discharge of a firearm in a negligent manner, in violation of California Penal Code § 246.3. (Clerk's Transcript on Appeal, at 10.) Unlike the convictions in either Rios or Ramirez, petitioner's commitment offense, ex-felon in possession of a weapon, is a straight felony under

---

[3] A "wobbler" is an offense that can be punished as either a misdemeanor or a felony under applicable law. See Ferreira v. Ashcroft, 382 F.3d 1045, 1051 (9th Cir. 2004).

[4] This conviction was also used to establish petitioner's status as a felon for purposes of the 1996 conviction.

California law.  See California Penal Code § 12021(a).  Moreover, petitioner's two prior convictions both involved use of a firearm.  As noted above, the circumstances under which a prison sentence violates the Eighth Amendment are "exceedingly rare."  The legal authority that binds this court precludes a finding that petitioner's sentence violates the Eighth Amendment.

### D. Cruel and Unusual Punishment Under the California Constitution

Petitioner's fourth claim for relief is that "habeas corpus should be granted to determine whether intercase proportionality review is a proper method for determining if a sentence for a noncapital offense constitutes cruel and unusual punishment under Article I, Section 15 of the California Constitution."[5]  Petitioner concedes that this claim is not cognizable in this federal habeas corpus proceeding.  (See Supplemental Reply Brief and Notice Regarding Claims, filed April 29, 2005.)

### E. State Court Rejection of Petitioner's August 1998 Habeas Corpus Petition

Petitioner's fifth claim for relief is that his right to due process was violated by the state court's inadequate consideration of the sixth claim for relief contained in a state petition for writ of habeas corpus filed by petitioner on August 19, 1998.  This claim is not cognizable in this federal habeas corpus proceeding.  See, e.g., Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989) (alleged errors in state post-conviction review proceeding do not form the basis for claims cognizable in federal habeas corpus proceedings).

### F. Failure to Read Boykin/Tahl Warning in Connection with Stipulation Establishing Petitioner's Status as Ex-Felon

At trial, defense counsel and the prosecutor stipulated to facts establishing petitioner's status as an ex-felon, and the stipulation was read to the jury.  Petitioner's sixth claim for relief is that his constitutional rights were violated when he was not advised of his

/////

---

[5] Petitioner has taken this claim directly from his petition for review to the California Supreme Court.

1  Boykin/Tahl[6] rights in connection with the stipulation. In the alternative, petitioner claims that
2  he received ineffective assistance of appellate counsel when counsel failed to raise this issue on
3  direct appeal.
4       Petitioner's stipulation to the fact that he was an ex-felon was not in the nature of
5  a guilty plea; rather, it was a stipulation to one of the predicate facts that otherwise would have
6  had to be proved to prove the charge against petitioner. See Adams v. Peterson, 968 F.2d 835,
7  839 (9th Cir. 1992), cert. denied, 113 S.Ct. 1818 (1993). Under the circumstances, he was not
8  entitled to the full advisement of rights that attends the taking of a guilty plea. Id.[7] Petitioner's
9  sixth claim for relief is without merit.[8]

    G.  Use of pre-1994 Prior Offenses for Three Strikes Sentencing

Petitioner's seventh claim for relief is that use of pre-1994 convictions as strikes for purposes of sentencing under the Three Strikes Law violates the Ex Post Facto Clause of the United States Constitution. Petitioner also claims that use of the prior convictions as strikes violates the plea agreement underlying the prior convictions by increasing the punishment for those convictions.

Petitioner's commitment offense occurred on September 29, 1994. See Respondent's Ex. C, People v. Castellanos, slip op. at 2. Petitioner's Three Strike Sentence was imposed pursuant to California Penal Code § 667(d), which was enacted by the California legislature in March 1994. See Dillard v. Roe, 244 F.3d 758, 768 n. 10 (9th Cir. 2001). Since

---

[6] Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) holds that prior to entry of a guilty plea a criminal defendant must be advised of certain constitutional guarantees, including the right against self-incrimination, to trial by jury, and to confront accusers, and that the defendant must knowingly and intelligently waive those rights in order for a guilty plea to be valid.

[7] Petitioner does not contend that he did not "voluntarily and knowingly agree to the stipulation." Cf. Adams, at 843.

[8] Since the substantive claim lacks merit, petitioner's appellate counsel was not ineffective for failing to raise it on direct appeal.

petitioner's commitment offense occurred enactment of Cal. Pen. Code § 667(d), there is no Ex Post Facto violation in use of pre-1994 strikes to enhance his sentence. See U.S. v. Kaluna, 192 F.3d 1188, 1199 (9th Cir. 1999).

Petitioner's second argument is factually incorrect. In 1989, petitioner entered a plea of no contest in one proceeding to the two convictions used as strikes to enhance the sentence for his current offense. (Ex. A to Petition for Writ of Habeas Corpus, filed February 22, 2000.) The plea agreement contemplated a maximum sentence of three years in prison for one of the offenses, and a concurrent sentence for the second. (Id. at 3.) Petitioner was sentenced to three years in state prison on the first count and a concurrent three year term on the second count. (Ex. B to Petition, at 4-5.)

Use of the prior convictions enhanced the punishment imposed for his current commitment offense. It did not change the original punishment imposed for those prior convictions at the time those convictions were sustained. Moreover, even assuming arguendo that petitioner was not advised that those convictions could be used as strikes[9] to enhance a sentence for a subsequent conviction, that lack of advisement does not render invalid petitioner's no contest plea. See United States v. Brownlie, 915 F.2d 527, 528 (9th Cir. 1990) (defendants need only be advised of direct consequences of guilty plea, and "possibility that the defendant will be convicted of another offense in the future and will receive an enhanced sentence based on an instant conviction is not a direct consequence of a guilty plea.")

For the foregoing reasons, petitioner's seventh claim for relief should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

/////

---

[9] At least one of the charging documents alleged that the charged violation of California Penal Code § 246.3 was a serious felony within the meaning of California Penal Code § 1192.7(c)(8). (Complaint, filed July 12, 1989, attached to Ex. A to Petition.)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 6, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
cast0360.157